979 So.2d 1181 (2008)
Arthur W. FOLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-635.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Arthur W. Foley, in proper person.
Bill McCollum, Attorney General, for appellee.
*1182 Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Arthur W. Foley ("Foley"), appeals the trial court's order denying his "Motion for Newly Discovered Evidence." We affirm.
Foley contends that his trial counsel provided ineffective assistance by failing to use a police report to impeach the victim at trial. He additionally contends that the police report in question qualifies as "newly discovered evidence."
Foley's claim of ineffective assistance of trial counsel, however, is both procedurally barred and untimely. Foley was convicted on February 23, 2001, and sentenced on March 22, 2001. This Court affirmed the judgment but remanded the case for resentencing on January 16, 2002. Foley v. State, 804 So.2d 556 (Fla. 3d DCA 2002). On March 22, 2002, Foley was resentenced, and that sentence was affirmed by this Court on October 9, 2002. Foley v. State, 827 So.2d 376 (Fla. 3d DCA 2002).
Since Foley's judgment and sentence became final on appeal, he has filed at least three separate motions for postconviction relief alleging ineffective assistance of trial counsel pursuant to rule 3.850, Florida Rules of Criminal Procedure. These motions were denied by the trial court, and affirmed by this Court. Foley v. State, 973 So.2d 454 (Fla. 3d DCA 2007); Foley v. State, 965 So.2d 138 (Fla. 3d DCA 2007); Foley v. State, 858 So.2d 1059 (Fla. 3d DCA 2003).[1]
To the extent that Foley's latest submission alleges ineffective assistance of trial counsel, we conclude that the claim is untimely as it was filed beyond the two-year time limit set forth in rule 3.850(b). It is also procedurally barred as Foley could have raised this claim in his prior motions for postconviction relief. See Moore v. State, 820 So.2d 199 (Fla.2002); Franklin v. State, 923 So.2d 1199 (Fla. 3d DCA 2006); Scrambling v. State, 919 So.2d 671 (Fla. 5th DCA 2006).
To the extent that Foley alleges that the police report authored by Officer Villacian represents newly discovered evidence, we find no merit. The State's initial discovery response, which was made a part of the record on appeal, reflects that on November 29, 1999, the report was provided to the defense.
Affirmed.
NOTES
[1] This Court has also disposed of other matters adversely to Foley. Foley v. State, 937 So.2d 235 (Fla. 3d DCA 2006) (affirming denial of rule 3.800 motion); Foley v. State, 920 So.2d 8 (Fla. 3d DCA 2006) (dismissing petition alleging ineffective assistance of counsel); Foley v. State, 917 So.2d 877 (Fla. 3d DCA 2005) (affirming denial of rule 3.800 motion).